UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-202-MOC

| | |
|---|---|
| RICHARD DALE LAWRENCE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the parties' opposing Motions for Summary Judgment. (Doc. Nos. 13, 17). Plaintiff brought this action for review of Defendant's final administrative decision denying Plaintiff's claim for Title II disability benefits. Having carefully considered such motions and reviewed the pleadings, the Court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.  Facts and Background**

On July 10, 2020, Plaintiff filed a claim for disability insurance benefits (DIB) under Title II of the Act, alleging disability since July 1, 2020. (Tr. 183–84). He alleges that he became disabled due to severe impairments of osteoarthritis, status post right leg below knee amputation, status post left shoulder open reduction and internal fixation (ORIF), and seizure disorder. Plaintiff was 40 years old at the alleged onset date, and has a high school education, with past relevant work as an exterminator, construction worker, and load operator.

Plaintiff's claim was denied initially and upon reconsideration. (Tr. 77–80, 81). The ALJ held a hearing on January 21, 2022, at which Plaintiff, who was represented by an attorney, and a

-1-

Case 1:22-cv-00202-MOC   Document 18   Filed 08/04/23   Page 1 of 13

vocational expert (VE) appeared. (Tr. 31–49). On February 28, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Act from July 1, 2020, through the date of the decision. (Tr. 16–26).

On July 18, 2022, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision Defendant's final administrative decision on Plaintiff's claim. (Tr. 1–3). This appeal followed.

## II. Factual Background

The Court adopts and incorporates the ALJ's findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not de novo, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401 (internal citations omitted). Even if the Court were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if it was supported by substantial evidence. Hays, 907 F.2d at 1456. The Fourth Circuit has explained substantial evidence review as follows:

> the district court reviews the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error. If the reviewing court decides that the ALJ's decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling with or without remanding the cause for a rehearing. A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record

-2-

Case 1:22-cv-00202-MOC   Document 18   Filed 08/04/23   Page 2 of 13

should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence. If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations and quotations omitted).

## IV. Discussion

### a. Substantial Evidence

#### i. Introduction

The Court has reviewed the transcript of Plaintiff's administrative hearing, the decision of the ALJ, and the relevant exhibits contained in the extensive administrative record. The issue is whether the decision of the ALJ is supported by substantial evidence, not whether the Court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials. For the following reasons, the Court finds that the ALJ's decision was supported by substantial evidence.

#### ii. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim pursuant to the following five-step analysis:

a. An individual who is working and engaging in substantial gainful activity ("SGA") will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix

1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience must be considered to determine if other work can be performed.

20 C.F.R. § 416.920(a)–(f). The burden of proof and production during the first four steps of the inquiry rests on the claimant. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. Id.

### b. The Administrative Decision

The ALJ followed the five-step sequential evaluation in his analysis of Plaintiff's alleged disability. See 20 C.F.R. § 404.1520(a). In particular, the ALJ found at step one Plaintiff had not engaged in SGA since July 1, 2020, the alleged onset date, and at step two Plaintiff had the following medically determinable and severe impairments: osteoarthritis, status post right leg below knee amputation, status post left shoulder open reduction and internal fixation (ORIF), and a seizure disorder. (Tr. 18). The ALJ found, at step three, that Plaintiff's impairments, or combination of impairments, did not meet or equal any condition in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (Tr. 20). Between steps three and four, the ALJ found Plaintiff had the RFC to perform sedentary work, as defined in 20 C.F.R. § 404.1567(a), with no exposure to hazards and no more than occasional overhead reaching with his left arm. (Tr. 20).

The ALJ found, at step four, Plaintiff was unable to perform his past relevant work. (Tr. 25). At step five, the ALJ relied upon the testimony of a vocational expert to find that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 25–26). The ALJ found that Plaintiff was able to perform sedentary work such as a food and beverage order clerk, printed circuit board screener, and a stuffer. Thus, the ALJ found Plaintiff not disabled within the meaning of the Act from July 1, 2020, through February 28, 2022. (Tr. 26).

### c. Plaintiff's Assignments of Error

Plaintiff raises two related assignments of error. He argues that (1) the ALJ's RFC does not account for his left knee pain or lapses in concentration; and (2) the ALJ did not reasonably evaluate Plaintiff's subjective complaints of pain in formulating the RFC. For the following reasons, the Court finds that substantial evidence supports the ALJ's findings, and the Court therefore overrules both assignments of error.

#### i. The ALJ's Evaluation of Plaintiff's RFC

Plaintiff first alleges that the ALJ's RFC does not account for his left knee pain or lapses in concentration. For the following reasons, the Court disagrees.

The RFC is the most a claimant can do in a work setting, 20 C.F.R. § 404.1545(a)(1). The claimant bears the burden of proving the extent of his limitations. Id. at § 404.1512(a) ("[Y]ou have to prove to us that you are . . . . disabled."). The ALJ must include a claimant's credibly established limitations only, not all alleged limitations. See 20 C.F.R. § 404.1529 (discussing the factors relevant to assessing alleged limiting effects of impairments). If an ALJ's factual determinations in the RFC assessment enjoy more than a scintilla of evidentiary support, the must affirm the ALJ's findings. See Biestek, 139 S. Ct. at 1154.

SSR 96-8p instructs that the RFC assessment "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [the residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184. The Ruling further explains that the RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." Id.

The Fourth Circuit, however, has "rejected a per se rule requiring remand when the ALJ does not perform an explicit function-by function analysis." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015); see Monroe v. Colvin, 826 F.3d 176, 188 (4th Cir. 2016) ("We have not adopted a rule of per se reversal for errors in expressing the RFC before analyzing Plaintiff's limitation function by function"). Rather, the Fourth Circuit has held that remand is not required when the ALJ's RFC analysis includes the narrative discussion required by SSR 96-8p and contains sufficient information to allow meaningful review. See SSR 96-8p, 1996 WL 374184, at *7; Monroe, 826 F.3d at 189. When explaining the RFC assessment, the ALJ cannot leave a reader "to guess about how the ALJ arrived at his conclusions." See Mascio, 780 F.3d at 637. But if a reviewer can "fathom the [ALJ's] rationale in relation to evidence in the record," meaningful judicial review is not frustrated, and remand is unnecessary. Britt v. Saul, 860 F. App'x 256, 262 (4th Cir. 2021) (quote and alterations omitted); accord Garland v. Ming Dai, 141 S. Ct. 1669, 1679 (2021) (reiterating that judicial review of an administrative decision is not hampered so long as "the agency's path may reasonably be discerned.").

When evaluating an ALJ's decision for substantial evidence, the reviewing court reads the ALJ's decision "as a whole." See Smith v. Astrue, 457 F. App'x 326, 328 (4th Cir. 2011) (noting that the decision must be read as a whole, as opposed to in isolated parts, to determine if the ALJ explained his reasoning) (citing Fischer-Ross v. Barnhart, 431 F.3d 729, 733–34 (10th Cir. 2005)); see also McCartney v. Apfel, 28 F. App'x 277, 279 (4th Cir. 2002) ("the ALJ need only review medical evidence once in his opinion"). Importantly, the ALJ's decision need only be detailed enough to permit a reviewing court "to trace the path of [the] adjudicator's reasoning." 82 Fed. Reg. at 5,858. The court "will not upset the decision" so long as the "'agency's path may reasonably be discerned.'" Alaska Dep't of Envt'l Conservation v. E.P.A., 540 U.S. 461, 497 (2004) (quotation omitted).

Here, the ALJ's discussion of the evidence provides more than sufficient analysis to permit meaningful judicial review, and the evidence supports the ALJ's determination that Plaintiff could perform a range of sedentary work with no more than occasional overhead reaching with his upper left extremity and no exposure to hazards. Contrary to Plaintiff's claims, the ALJ thoroughly considered Plaintiff's reports of left leg pain, difficulty with extended sitting, standing, and walking, and his ability to concentrate. (Tr. 21). The ALJ explained that Plaintiff testified to pain related to his right leg amputation and in his left leg caused by overuse of the left extremity. (Id.). The ALJ also explained that Plaintiff testified to pain in his left hip and down his left leg; that he had to constantly move around to be comfortable, including when sitting in a chair; that he described pain "every day, all day"; and that his pain affected his ability to concentrate. (Id.). The ALJ paid careful attention to Plaintiff's testimony in this regard. (Id.). And the ALJ agreed that Plaintiff required significant limitations due to his pain. (Tr. 20–23). After evaluating the full record, the ALJ explained that Plaintiff could no longer perform his

medium-to-very heavy exertional work but that he remained capable of performing a limited range of sedentary work (the least demanding physical work under the regulations). (Tr. 20–25). The ALJ also explained, pointing to substantial evidence, why the record did not support greater limitations than those he assessed. (Tr. 20–25).

The ALJ considered Plaintiff's physical examination findings, which did not support greater limitations than those he assessed. (Tr. 22). The ALJ explained that in June 2020, Plaintiff's left knee x-ray showed only mild degenerative changes. (Tr. 22, 296–99, 306). While the ALJ acknowledged Dr. Gloor's observation of Plaintiff's walking with a limp (Tr. 22, 323), the ALJ also considered Dr. Gloor's statement that Plaintiff did not require any assistance when moving about the exam room; did not use any ambulatory devices for motion; had negative straight leg raise tests; arose from seated to standing positions without difficulty; squatted and rose without much difficulty; had full lower extremity motion with no reported back pain; and performed heel standing and toe standing. (Tr. 22, 324). The ALJ highlighted that Plaintiff had no gross motor deficits during a September 2020 examination and contrasted that with Dr. Gloor's findings that Plaintiff had reduced left shoulder range of motion with slightly reduced left hip and knee strength. (Tr. 22, 324, 338). The ALJ considered Dr. Gloor's findings that Plaintiff had good range of motion of his left shoulder, no back tenderness, 5+ grip strength bilaterally, and only slightly reduced left pincer grasp strength at 4/5. (Tr. 22, 324).

Following his examination, Dr. Gloor found that Plaintiff would probably have difficulty working overherad or manipulating small objects over time, (Tr. 324), and the ALJ credited Dr. Gloor's finding related to lifting over head on the left, as these findings were supported by Dr. Gloor's examination findings and consistent with the longitudinal record, (Tr. 23). Further, the ALJ sharply limited Plaintiff to a range of sedentary work, the least demanding physical work

-8-

Case 1:22-cv-00202-MOC   Document 18   Filed 08/04/23   Page 8 of 13

under the regulations. (Tr. 20–23). Notably, however, Dr. Gloor did not assess any limitations related to Plaintiff's lower extremities, nor did Dr. Gloor identify any limitations concentrating due to pain. (Tr. 324).

Additionally, Plaintiff ameliorated his pain with over-the-counter medication, (Tr. 331), indicating that he did not require greater limitations than those the ALJ assessed. While Plaintiff testified at his hearing that prescribed steroids did not help with his pain and a topical medication was only a "little bit" helpful, he reported to Dr. Gloor that he required only "over-the counter Advil for pain control." (Tr. 21, 37, 321). See Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) (if "a symptom can be reasonably controlled by medication or treatment, it is not disabling").

The ALJ also considered the prior administrative findings of Drs. Woods and Levin, who reviewed the record evidence, including Plaintiff's reports of pain, and found that Plaintiff perform the sitting, standing, and walking requirements for a range of light work on a full-time basis, and the ALJ assessed greater limitations, limiting Plaintiff to a range of sedentary work. (Tr. 24, 59–62, 74).

In sum, after evaluating the full record, the ALJ adequately explained his findings and pointed to the substantial evidence detailed above to support his determination that Plaintiff could perform a limited range of sedentary work with additional postural, reaching, and environmental limitations. (Tr. 20–24). The ALJ's discussion, and his explanation of his findings, complied with what the Fourth Circuit requires under Mascio and Monroe. As the Fourth Circuit has explained, an ALJ errs only when the reviewing court is "left to guess about how the ALJ arrived at his conclusions." See Mascio, 780 F.3d at 637. But a "logical bridge" that connects the evidence to the ALJ's conclusions satisfies the ALJ's obligation. Monroe, 826

-9-

Case 1:22-cv-00202-MOC   Document 18   Filed 08/04/23   Page 9 of 13

F.3d at 189. Here, no physician in the record opined that Plaintiff required greater limitations related to sitting or concentrating.

### ii. The ALJ's Evaluation of Plaintiff's Subjective Complaints in Formulating the RFC

Plaintiff also contends that the ALJ did not reasonably evaluate Plaintiff's subjective complaints of pain. The Court disagrees and finds that the ALJ evaluated Plaintiff's subjective claims consistent with the regulations. When evaluating a claimant's subjective complaints, an ALJ must assess complaints related the extent of a claimant's functional limitations in light of the objective medical evidence and other factors, such as his treatment history, medications, work history, and daily activities. 20 C.F.R. § 404.1529(c); Social Security Ruling (SSR) 16-3p, 2016 WL 1119029 (S.S.A. Mar. 16, 2016). While the ALJ will not reject a claimant's statements about pain and other symptoms solely because "the available objective medical evidence does not substantiate" the claims, the ALJ is required to consider a claimant's subjective claims in the light of the above factors. 20 C.F.R. § 404.1529(c)(2)-(3).

The ALJ uses a two-step process when considering a claimant's symptoms. 20 C.F.R. § 404.1529; Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). First, Plaintiff must provide objective medical evidence showing a medical impairment that could reasonably be expected to produce the pain or other symptoms at issue. 20 C.F.R. § 404.1529(b). Second, the ALJ must evaluate the intensity, persistence, and limiting effects of Plaintiff's symptoms to determine the extent that they limit Plaintiff's ability to do basic work activities. 20 C.F.R. § 404.1529(c). The regulations explain that "[o]bjective medical evidence . . . is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms. . . ." Id. Other relevant information includes what may precipitate or aggravate the symptoms, medication

and treatments, and daily living activities. 20 C.F.R. § 404.1529(c)(3). An ALJ's assessment of a claimant's subjective complaints are "'virtually unreviewable' by this court on appeal." Darvishian v. Geren, 404 F. App'x 822, 831 (4th Cir. 2010) (citing Bieber v. Dept. of the Army, 287 F.3d 1358, 1364 (Fed. Cir. 2002)).

Here, the ALJ carefully considered Plaintiff's testimony related to his left leg and lower extremity pain, and his difficulty concentrating. (Tr. 21). The ALJ also carefully considered the third-party function reports completed by Plaintiff's girlfriend Ashley Cooper. (Tr. 24). And the ALJ credited Plaintiff and Cooper's statements to a degree—for example, based on Plaintiff's alleged difficulty with standing, walking and balance, the ALJ gave Plaintiff a sedentary RFC. (Tr. 20).

Moreover, as the ALJ's discussion of the evidence demonstrates, the record does not indicate any lack of concentration that would affect Plaintiff's ability to perform a range of sedentary work due to pain. As evidenced by the ALJ's discussion of Plaintiff's treatment records, issues with concentration were not a feature of Plaintiff's reported symptoms. (Tr. 19, 21, 24). The ALJ noted that Plaintiff's mental status examinations were normal. (Tr. 19, 324, 338). Plaintiff did not report issues with concentration to his providers. And by March 2021, the ALJ explained that Plaintiff reported somewhat improved hip and low back pain, with no mention of left shoulder pain. (Tr. 24, 328–31).

In any event, as the Court has discussed, the ALJ explained that he accounted for Plaintiff's pain with a very restrictive sedentary RFC assessment, pointing to all the substantial evidence detailed. (Tr. 21–24). The ALJ's finding that Plaintiff could sit sufficiently to perform sedentary work despite his pain or reported concentration issues is consistent with the prior

administrative medical findings in the record. (Tr. 60, 72). No physician in the record opined that Plaintiff had great limitations related to sitting or concentrating.

The ALJ, as the fact finder, has the sole responsibility to compare a claimant's complaints about his symptoms against the record as a whole. 20 C.F.R. § 404.1529(a); SSR 16-3p. And the ALJ explained why he found that Plaintiff's testimony did not support greater limitations than those he assessed in a manner that this Court can meaningfully review. (Tr. 21–24). Indeed, the ALJ's discussion of the record makes clear that he carefully considered Plaintiff's subjective complaints and his Ashley Cooper's third-party reports, credited their statements to a degree, and concluded that Plaintiff was capable of only sedentary work. (Tr. 21–24). Where, as here, "'conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled,' [a reviewing court] defers to the [ALJ's] decision." Jackson v. Astrue, 467 F. App'x 214, 216 (4th Cir. 2012) (quoting Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)). For all of these reasons, the Court finds that the ALJ's decision is supported by substantive evidence, and the Court overrules this assignment of error.

V. **Conclusion**

The Court has carefully reviewed the decision of the ALJ, the transcript of the proceedings, Plaintiff's motion and brief, the Commissioner's responsive pleading, and Plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson, 402 U.S. at 401, Plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1) The decision of the Commissioner, denying the relief sought by Plaintiff, is **AFFIRMED**;

(2) Plaintiff's Motion for Summary Judgment, (Doc. No. 13) is **DENIED**;

(3) The Commissioner's Motion for Summary Judgment, (Doc. No. 17) is **GRANTED**; and

(4) This action is **DISMISSED.**

Signed: August 3, 2023

Max O. Cogburn Jr
United States District Judge